UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CRUZ et al.,<br>    *Plaintiffs*, | )<br>)<br>) | 3:24-CV-00058 (KAD) |
| v. | )<br>) | |
| SPEC PERSONNEL LLC et al.,<br>    *Defendants*. | )<br>)<br>) | AUGUST 30, 2024 |

<u>MEMORANDUM OF DECISION</u>
RE: MOTION TO REMAND TO STATE COURT BY SIGNIFY NORTH AMERICA CORPORATION (ECF NO. 27)

Kari A. Dooley, United States District Judge:

    This personal injury action arises from an accident in which plaintiff Juan Cruz ("Cruz") suffered injury while at work when a pallet of lighting products made by Defendant Signify North America Corporation (f/k/a Philips Lightning Corporation) ("Signify") fell on him. Cruz worked for Rexel USA, LLC ("Rexel"). When Cruz sued Signify in the Superior Court of Connecticut, Rexel intervened in the action as a co-plaintiff in an effort to recoup workers' compensation payments made to Cruz. Ultimately, Cruz won a multimillion-dollar judgment against Signify at trial.[1] During the state court proceedings, Signify and Rexel filed counterclaims against each other, each alleging that the other breached its obligations under various commercial agreements. While Signify's appeal of Cruz's judgment was pending, Rexel removed the case to this Court ostensibly pursuant to 9 U.S.C. § 205 (the Federal Arbitration Act, or "FAA") and 28 U.S.C. § 1441 and immediately moved to compel arbitration under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the New York Convention"). Signify subsequently moved to remand the case, arguing, *inter alia,* that Rexel could not properly invoke either statute

---

[1] The claims between Signify and Rexel were bifurcated from Cruz' claims against Signify. Therefore, the trial did not resolve the counterclaims between Rexel and Signify.

as a basis for removal and in the alternative, opposed its request for an order compelling arbitration. For the reasons that follow, the motion to remand is GRANTED.

**Facts and Procedural History**[2]

Cruz was injured at his warehouse job on September 19, 2017, when a 1300-pound load of Signify's lightbulbs fell from a rack, broke his spine, and paralyzed him from the waist down. *Cruz*, 2023 WL 8888666 at 1. Cruz sued Signify and other defendants, alleging negligence by Signify for failing to ensure that the pallets containing the lighting products were packaged safely and securely. *Id.* After a three-week jury trial, the jury returned a $100 million verdict in favor of Cruz, holding Signify liable for $90 million (based upon an apportionment of liability of 90%). *Id.* This amount was later reduced on remittitur to approximately $43 million. Notice of Removal, ECF No. 1, at 2. Signify's appeal of the damage judgment is currently pending before the Connecticut Appellate Court. *See Cruz v. Spec Personnel, LLC, et al.*, AC 46515 (Conn. App. filed May 15, 2023).

Soon after Cruz commenced the action, Rexel moved to intervene in the case as a plaintiff to seek reimbursement from Cruz's damage recovery of the amounts Rexel had paid to him under the Connecticut Workers' Compensation Act. *Cruz*, 2023 WL 8888666 at 1. The court granted Rexel's motion to intervene, and Signify subsequently filed a counterclaim against Rexel for common law indemnification. *Id.* Before trial, the court also granted Rexel's motion to bifurcate Cruz's personal injury claims from the other claims in the case, including Signify's counterclaims against Rexel. *Id.* On June 6, 2023, Signify filed a third amended counterclaim, alleging common

---

[2] The Court takes the facts in the underlying state action from the parties' papers and the Superior Court of Connecticut's ruling denying Rexel's motion to strike certain portions of Signify's third amended counterclaim, available on WestLaw as *Cruz v. Spec Pers., LLC*, No. X10UWYCV185032358S, 2023 WL 8888666 (Conn. Super. Ct. Dec. 18, 2023) and attached to Rexel's Notice of Removal at ECF No. 1. The ruling is the last substantive order in the case prior to Rexel's removal to federal court. *See Cruz v. Spec Pers., LLC*, No. UWY-CV18-5032358-S, Civil Case Docket at
https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=UWYCV185032358S.

law indemnification, contractual indemnification, and breach of contract under an "International and Services Agreement." *Id.* at 2. After the court denied Rexel's motion to strike certain counts of the counterclaim, Rexel sought leave to appeal the decision directly to the Connecticut Supreme Court, which request was denied. *See* Order, filed January 5, 2024, in *Cruz v. Spec Personnel, LLC, et al.*, SC 230141 (Conn.). On January 17, 2024, Rexel removed the case to this Court pursuant to § 1441 and § 205, arguing that § 205 authorized removal of any action "relating to" an arbitration agreement, which included the parties' International Agreement. In seeking remand, Signify argues that Rexel was not a "defendant" for purposes of either § 1441 or § 205 and therefore could not properly remove the action to this Court.[3]

**Discussion**

The generally applicable removal statute provides that "any civil action" over which a federal court would have original jurisdiction may be removed to federal court by "the defendant or the defendants." 28 U.S.C. § 1441(a). The FAA removal provision provides that where the subject matter of an action pending in state court "relates to an arbitration agreement or award falling under the [New York] Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action" to federal district court. 9 U.S.C. § 205. "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe [§ 1441] narrowly, resolving any doubts against removability." *Mihok v. Medtronic, Inc.*, 119 F. Supp. 3d 22, 26 (D. Conn. 2015) (quoting *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013)). While § 205 has been construed as a broader removal statute than § 1441, *see Goel v. Ramachandran*, 823 F. Supp. 2d 206, 209 (S.D.N.Y. 2011), "[t]he party asserting federal jurisdiction generally bears the burden

---

[3] Because the Court grants Signify's motion to remand, it declines to take up Rexel's motion to compel arbitration.

of proving that the case is properly in federal court." *Id.* at 210; *see also United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994) ("Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper").

Section 1441(a) Removal

Signify first argues that *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019), firmly establishes that Rexel is not "the defendant" under 28 U.S.C. § 1441(a) and therefore cannot remove this case under that statute. Indeed, *Home Depot* unequivocally held "that § 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim." 587 U.S. at 441. As there is no dispute that Rexel is a counterclaim defendant in Signify's operative counterclaim, *Home Depot,* if applicable, precludes removal under § 1441(a). Rexel does not argue otherwise and appears to have abandoned any argument that *Home Depot* is inapplicable or distinguishable as a means of saving the attempted removal under § 1441. *See* Rexel's Opp. to Signify's Mot. to Remand ("Rexel Opp.") at 2, n.1, ECF No. 31 ("[Rexel] cited Section 1441 in its Notice of Removal only to the extent it may have relevance to matters not expressly or impliedly addressed by FAA Section 205. This Response therefore focuses on Signify's FAA Section 205 arguments.").[4]

FAA § 205 Removal

In opposing remand, Rexel argues that § 205 is not subject to *Home Depot's* holding because it "did not discuss and therefore does not govern removals under § 205." Rexel Opp. at 2.

---

[4] Nor does Rexel address *Shamrock Oil & Gas Corp. v. Sheets*, in which the Supreme Court held that a counterclaim defendant *who is also the original plaintiff* may not remove under § 1441(a)'s predecessor statute. 313 U.S. 100, 107 (1941) (emphasis added). As Rexel entered the case as an intervening plaintiff before being named as a counterclaim defendant, *Shamrock Oil* also appears to bar removal under § 1441(a). As the *Home Depot* Court noted when discussing *Shamrock Oil,* "[i]f a counterclaim defendant who was the original plaintiff is not one of 'the defendants,' we see no textual reason to reach a different conclusion for a counterclaim defendant who was not originally part of the lawsuit." *Home Depot*, 587 U.S. at 443.

4

Additionally, Rexel argues that § 205 should be broadly construed in keeping with the general purposes of the FAA, and that the context of the statute authorizes cases to become removable whenever the subject matter of the action relates to arbitration. *Id.* Rexel allows that the statute permits removal only by "the defendant or the defendants," but argues that determining whether a party is a "defendant" is a "judgment call dependent on context." *Id.* The Court is not persuaded.

As described above, and acknowledged by Rexel, § 205, like § 1441(a) allows removal by "the defendant or the defendants." The statutory language as to who may remove the matter is identical. Notwithstanding, Rexel asserts that the same language has different meanings in each statute.

The Court does not write on a blank slate. In *Home Depot,* the Supreme Court examined not only removal under § 1441(a), but also under § 1453(b) of the Class Action Fairness Act ("CAFA"). CAFA permits removal by "any" defendant to a class action, and the *Home Depot* Court held that this language, while different from "the" defendant as contained in § 1441(a), did not expand the availability of removal beyond § 1441(a)'s limits. Rather, the Court held that the statute only amended the rule that all defendants must consent to removal under § 1441(a). *Home Depot*, 587 U.S. at 445. "If anything, that the language of § 1453(b) [of the Class Action Fairness Act] mirrors the language in the statutory provisions it is amending suggests that the term 'defendant' is being used consistently across all provisions." *Id.* Further, because both § 1453(b) and § 1441(a) rely on the procedures for removal contained in § 1446, which also used the word 'defendant,' "interpreting 'defendant' to have different meanings in different sections would render the removal provisions incoherent." *Id.* at 446.

This reasoning forecloses Rexel's argument that § 205's removal language should be interpreted differently from § 1441(a). The two provisions use identical language to describe who

may remove: "the defendant or the defendants." *Cf.* 9 U.S.C. § 205 (providing that "the defendant or the defendants may . . . remove" certain actions) with 28 U.S.C. § 1441(a) (providing that certain actions "may be removed by the defendant or the defendants"). Rexel cites no authority that the language in § 205 should be given different and broader meaning than the language in § 1441(a). Indeed, existing case law supports the conclusion that § 205, like § 1441(a), does not permit removal by third-party defendants. *See St. Luke #2, LLC v. Hermes Health All., LLC*, 644 F. Supp. 3d 289, 293–94 (E.D. La. 2022) (relying on *Home Depot* to conclude that "defendant" shared the same meaning in § 205 and § 1441(a) because "when the language in one statute tracks the wording of another, this is a strong indication that the two statutes should be interpreted similarly") (citing *Northcross v. Bd. of Educ. of Memphis City Schools*, 412 U.S. 427, 428 (1973) (internal quotations and punctuation omitted)).

Moreover, like the CAFA removal provision in *Home Depot*, § 205 relies on the same procedures for removal as § 1446, which the *Home Depot* Court held to have the same construction as § 1453(b) and § 1441(a). *See In re Ocean Marine Mut. Prot. & Indem. Ass'n, Ltd.*, 3 F.3d 353, 355-56 (11th Cir. 1993) ("The procedural requirements of § 1446(a) and (b) are generally applicable to a removal under the New York Convention, because 9 U.S.C. § 205 provides that the procedure for removal of causes otherwise provided by law shall apply") (internal quotations omitted). Accordingly, to afford the term "defendant" a different meaning in § 205 than is afforded in § 1446 would render the removal statutes "incoherent." *Home Depot,* 587 U.S. at 446. The Court

accordingly finds that Rexel, as an intervening plaintiff and a counterclaim defendant, is not a "defendant" for purposes of § 205.[5]

**Conclusion**

Because there is no statutory basis for Rexel to have removed this matter, Signify's Motion to Remand, ECF No. 27 is GRANTED.[6] The Court takes no position on ECF No. 3, Rexel's Motion to Compel Arbitration. The Clerk of the Court is directed to 1) remand this matter to the Superior Court of Connecticut, Judicial District of Waterbury, Complex Litigation Docket and 2) close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 30th day of August 2024.

                                              /s/ Kari A. Dooley
                                              KARI A. DOOLEY
                                              UNITED STATES DISTRICT JUDGE

---

[5] To the extent that Rexel urges the Court to adopt a "functional" test to determine who would qualify as a defendant for purposes of § 205 under *LGC Holdings, Inc. v. Julius Klein Diamonds, LLC*, 238 F. Supp. 3d 452, 460 (S.D.N.Y. 2017), *see* Notice of Removal at 5, the Court finds that the application of such a test would run counter to the dictates of *Home Depot* which postdated *LGC Holdings* by two years. The Court recognizes that the "functional" test relied upon in *LGC Holdings* itself derives from Supreme Court precedent, to include *Mason City & Ft. D.R.R. Co. v. Boynton,* 204 U.S. 570, 580 (1907). However, neither *Mason City* nor the functional assessment called for therein was cited or discussed by the Supreme Court in *Home Depot*. And this case, like *Home Depot,* and unlike *Mason City,* involves a straightforward question of statutory interpretation with respect to a party whose status is abundantly clear. Accordingly, the Court, while not specifically bound by *Home Depot,* finds no basis upon which to distinguish its holding regarding CAFA from the question here regarding the FAA. Nor does the Court decide whether *LGC Holdings* would survive scrutiny after *Home Depot.* That said, even if the functional analysis and alignment of the parties called for in *Mason City* is a prerequisite to application of the removal statutes, the Court concludes that such an analysis would not yield a different result, largely for the reasons set forth in Signify's Reply memorandum.

[6] The Court need not reach Signify's alternative arguments that (1) the removal was untimely or (2) the removal was an unauthorized effort to remove only a portion of the action pending in the Superior Court.